MATOS, DEMANDANTE Y APELADO, *v.* QUIDGLEY, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre divorcio.

No. 2490.—Resuelto en mayo 9, 1922.

DIVORCIO—TRATO CRUEL—CAUSA DE ACCIÓN—DEMANDA SUFICIENTE.—Aunque en una demanda de divorcio en que se alega trato cruel no se expresen las fechas de los distintos actos constitutivos de la causa de acción, como ello sería mas bien una cuestión de prueba, no puede decirse que la demanda es insuficiente, con mayor razón cuando en la contestación no se alegan actos de reconciliación en época alguna; y la alegación de estos actos por primera vez en apelación no será considerada por el Tribunal Supremo.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. J. Soto Rivera.*

Abogado del apelado: *Sr. S. Sánchez Vahamonde.*

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

Este es un caso de divorcio procedente de la Corte de Distrito de San Juan, Sección Primera.

En la demanda se alega como causas para solicitar el divorcio: trato cruel e injurias graves y el adulterio.

Se hace en la demanda una narración de los hechos y se alega que la demandada, demostrando un carácter irascible, injurió gravemente al demandante con palabras vulgares y obscenas, que se especifican en la demanda, acompañando tales palabras con actos de acometimiento y agresión, desatendiendo los deberes conyugales y realizando hechos contrarios a la fidelidad conyugal.

La demandada contestó negando las anteriores alegaciones y estableció como defensa que el demandante desde el 1918 vive en concubinato con otra mujer y que ella es la que ha recibido del demandante los malos tratamientos tanto de palabras como de obras.

Celebrada la vista del caso la corte de distrito declaró con lugar la demanda y en su consecuencia roto y disuelto el vínculo matrimonial existente entre Francisco Matos Conde y María Quidgley García, con imposición de costas a la demandada.

Contra esta sentencia es que se ha interpuesto el presente recurso de apelación. Se ha elevado una transcripción de los autos y ambas partes presentaron alegato.

La apelante alega que se han cometido dos errores por la corte inferior y expone: (a) que la demanda no aduce hechos suficientes para determinar una causa de acción; (b) que la prueba es insuficiente para declarar probadas las alegaciones esenciales de la demanda. Se quiere significar que la corte inferior cometió error al sostener como suficiente la demanda y asimismo lo hizo al declarar probados los hechos consignados en la misma.

Para sostener el primer error la apelante alega que to-

mando como ciertas las alegaciones de trato cruel e injurias graves, que éstas fueron continuas desde el año 1910 al 1911, no se especifica en ella cuándo tuvieron lugar los últimos disgustos que dieron ocasión al presente pleito, y que la falta de la alegación específica que determine cuándo tuvieron lugar los últimos disgustos hace fatal la demanda, toda vez que los actos anteriores fueron condonados por el esposo que continuó viviendo con su esposa en el hogar.

La apelante parece que exige que el demandante ha debido fijar el tiempo y la fecha de los hechos que se relacionan en la demanda y que constituyen las causas alegadas de divorcio, y hace mención en el alegato de actos que implicarían la reconciliación de ambas partes. En la contestación a la demanda no existe en absoluto nada que haga referencia a actos de reconciliación habidos entre las partes ni se alegó como defensa. Como este extremo de la reconciliación surge por primera vez en la apelación, no puede ser objeto de consideración por nuestra parte; y en cuanto a que debieron haberse fijado específicamente las fechas de los hechos que se definen como las causas del divorcio, aparte de que en la demanda se alega que tales hechos sucedieron después de los primeros cuatro o cinco años del matrimonio, no se hace indispensable expresar las fechas distintas de cada hecho, que más bien sería pertinente para ser objeto de prueba, y porque además, en este caso concreto no se hace mención en la contestación de actos de reconciliación que indudablemente tendrían importancia y serían pertinentes cuando hubieran ocurrido con posterioridad a los actos que se alegan como causa determinante del divorcio.

Asimismo se hace insostenible el segundo error que se infiere por la apelante. No hay ningún particular en las pruebas practicadas que nos haga intervenir en la apreciación de las mismas. Ambas partes interesadas prestaron sus testimonios. La declaración del demandante es una reproducción de los hechos alegados en su demanda y soste-

nida y corroborada por la prueba testifical introducida de su parte. La prueba circunstancial que originó los actos relativos a la infidelidad de la demandada es de tal naturaleza que ella por sí sola determinaría causa suficiente para declarar el divorcio y cuyo acto de infidelidad en este caso vino a ser la culminación de hechos anteriores que implicarían el trato cruel o injurias graves como otros motivos independientes para obtener el mismo remedio.

El testimonio de la demandada, especialmente en lo que se refiere a la imputación al demandante de mantener públicamente una concubina, no está sostenido por ninguna otra prueba.

No hemos podido encontrar nada ajeno a la prueba que implique pasión, parcialidad u otro motivo análogo que haya podido influenciar directa o indirectamente el criterio del juez inferior al apreciar las pruebas, y no siendo así, debemos aceptar la correcta conclusión a que él ha llegado declarando con lugar la demanda de divorcio.

La sentencia debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.